UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| TERRY JOE ARMSTRONG, | § | |
| Institutional ID No. 1247399, | § | |
| SID No. 2474200, | § | |
| Previous TDCJ No. 761488, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | 5:08-CV-166-BG |
| CLASSIFICATION & SAFE | § | ECF |
| PRISONS UNIT, Price Daniels Unit, | § | |
| | § | |
| Defendant. | § | |

## **REPORT AND RECOMMENDATION**

Plaintiff Terry Joe Armstrong brought this action on August 15, 2008, pursuant to 42 U.S.C. § 1983, complaining that the Defendant violated his constitutional rights during his incarceration by the Texas Department of Criminal Justice (TDCJ). Armstrong claimed that an officer at the Price Daniel Unit threatened him, that he believed his life to be in danger, and that prison officials did not respond appropriately to his grievances.

The United States District Court reassigned the case to the United States Magistrate Judge for further proceedings on September 16, 2008. On October 15, 2008, Armstrong filed a letter docketed as non-public correspondence in which he advised the court that he expected to be discharged from TDCJ in February 2009 and indicated his desire to "drop the lawsuit" in this action. At a hearing held pursuant to *Spears v. McCotter*, 766 F.2d 179, 181 (5th Cir. 1985), on November 18, 2008, Armstrong again advised the court that he expected to be discharged from TDCJ in February 2009 and again indicated his desire to dismiss the

claims in this action. The undersigned advised Armstrong regarding the ramifications of dismissing his Complaint, including the fact that the court would not proceed with the *Spears* hearing, and Armstrong indicated that he understood the ramifications of dismissing his Complaint and understood and was agreeable to the court terminating the hearing.

For the foregoing reasons, Armstrong's request for voluntary dismissal should be granted and his claims dismissed without prejudice. FED. R. CIV. P. 41(a).

Pursuant to 28 U.S.C. § 636(b)(1), any party has the right to serve and file written objections to this Report within ten days after being served with a copy of this document. The filing of objections is necessary to obtain *de novo* review by the United States District Court. A party's failure to file written objections within ten days shall bar such a party, except upon grounds of plain error, from attacking on appeal the factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc).

Dated: December 19, 2008.

NANCY M. KOENIG
United States Magistrate Judge